IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEMON VICTORELL SLATER, ) | |
| AIS #177985, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:16-CV-215-WHA |
| ) | |
| LT. WOODS, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This cause of action is pending before the court on a 42 U.S.C. § 1983 complaint filed by Demon Victorell Slater ("Slater"), a state inmate currently incarcerated at the Easterling Correctional Facility. In this complaint, Slater challenges the failure of correctional officers to deliver photographs sent to him in the mail depicting female nudity or sexually explicit matters. Slater also complains that he is not allowed to receive legal materials from outside sources without approval from correctional officials.

On April 8, 2016, Slater filed a motion for preliminary injunction in which he alleges that the defendants denied him due process and violated administrative regulations when they "would not give [him] an rejection notice and appeals forms to appeal rejection of … photos that [recently] came in the mail. Defendants is planning to and threatening to destroy the rejected photos[.]" *Doc. No. 9* at 1. The plaintiff seeks of a preliminary injunction prohibiting the destruction of the confiscated photographs. *Id.*

The court directed the defendants to show cause why Slater's motion for a preliminary injunction should not be granted. *Order of April 11, 2016 - Doc. No. 12*. The defendants filed responses to this order on April 14, 2016 (Doc. No. 17) and April 19, 2016 (Doc. No. 19), supported by evidentiary materials, in which they assert that Slater's request for preliminary injunctive relief is due to be denied.

Upon review of the motion for preliminary injunction and the responses thereto filed by the defendants, the court concludes that the motion is due to be denied.

## II. STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Slater demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunctive relief may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (1998); *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th

Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements.  *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").  "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.'  *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir.1990)."  *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

### III.  DISCUSSION

In the defendants' responses to the motion for preliminary injunction, they assert that withholding of the photographs at issue has not deprived Slater of any constitutionally protected right and further maintain that such action comported with applicable administrative regulations.  In support of these assertions, the defendants contend that Slater has no "constitutional right to sexually explicit or obscene photographs." *Doc. No. 17* at 2.  The defendants further assert that Slater "was provided with a rejected mail notice and has made his appeal" as permitted by the administrative regulations.  *Id.*  Specifically,

contrary to his contention "that the Defendants would not give him notice or an appeal, notice was provided and was signed for by the Plaintiff <u>two days</u> prior to his filing the Motion [for Preliminary Injunction].... However, the designee [assigned to review the appeal and determine whether the photographs should be rejected] has not [yet] been able to make [the necessary] determination ..., so the [appeal] process has not been completed." *Id*.; *see Exh. B to the Defendants' Response (Notification of Rejected Mail) - Doc. No. 17-2*. In addition, "the photos in question have been delivered to the Legal Division, where they will [be] maintained in a secure location, so as to prevent even accidental destruction[.]" *Id.* at 2-3. Finally, the 30-day time frame within which Slater may have the photographs sent home or destroyed does not begin to run until resolution of the appeal by the warden or his/her designee. *Id*. at 2, n.2.

In addressing the motion for preliminary injunction, Ms. Blakely provides the following information:

> I am presently employed by the Alabama Department of Corrections as a Mail Clerk at Easterling Correctional Facility. In performing my duties as the Mail Clerk, I open incoming mail and inspect it for contraband. In doing so, if I notice that the contents of the mail may be against ADOC Regulations, for instance if it contains explicit material or the package is too large, I send the mail to a supervisor to make a determination as to whether or not an inmate may possess those materials. I do not make that determination myself.
> In this case, on or about March 4, 2016, I received materials addressed to inmate Demon Slater (#177985) from Acne Publications. The contents of the envelope included several photographs that appeared to involve nudity and which could be against ADOC policy. I then forwarded the photos to former Lieutenant Woods for him to make a determination. Lieutenant Woods has since retired from the ADOC. I was present when Lieutenant Woods called inmate Slater to Lieutenant Woods' office and overheard him instruct inmate Slater that some of the photos would not be allowed and

> that they would either need to be sent home or they would be destroyed. Sometime after that conversation, I was instructed by Lieutenant Woods to issue a Mail Rejection Notice to inmate Slater in accordance with Administrative Regulation. I did so, and issued the notice on April 5, 2016.
>
> The next day, inmate Slater chose to write a written appeal, and submitted that form to me. In accordance with ADOC policy, I submitted the form to Warden Richie, who is the person at Easterling Correctional Facility designated to make a final determination. Warden Richie has been out on military leave, so no determination has been made yet. In the meantime, the photos were not destroyed and were maintained until it was requested by Legal to send them to the Central Office, which I did. That is the total of my involvement with the photos. To my knowledge, there have been no actions taken against inmate Slater as a result of his receiving the photographs.

*Exh. C to the Defendants' Response - Doc. No. 19-1* at 1-2.

Turning to the prerequisites for issuance of preliminary injunctive relief, the court finds that Slater has failed to demonstrate either a substantial likelihood of success on the merits of his claims or that there is a substantial threat that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction. The third factor, balancing potential harm to the parties, weighs more heavily in favor of the defendants as issuance of the injunction would have an unduly adverse impact on the ability of correctional officials to exercise their professional judgment in maintaining security by determining what mail should be allowed within a correctional facility. Finally, the public interest element of the equation is, at best, a neutral factor.

In light of the foregoing, the undersigned concludes that Slater has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of preliminary injunctive relief.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motion for preliminary injunction filed by the plaintiff (Doc. No. 9) be DENIED.

2.  This case be referred back to the undersigned for additional proceedings.

It is further

ORDERED that on or before May 12, 2016 the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH C<small>IR</small>. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 27th day of April, 2016.

                                        /s/     Terry F. Moorer
                                UNITED STATES MAGISTRATE JUDGE