IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEMON VICTORELL SLATER, #177985, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 2:16-CV-215-WHA ) |
| LT. WOODS, et al., | ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This cause of action is pending before the court on a 42 U.S.C. § 1983 complaint filed by Demon Victorell Slater ("Slater"), a state inmate currently incarcerated at the Easterling Correctional Facility. In this complaint, Slater challenges the failure of correctional officers to deliver photographs sent to him in the mail depicting female nudity or sexually explicit matters. Slater also complains that he is not allowed to receive legal materials from outside sources without approval from correctional officials.

On May 18, 2016, Slater filed a motion for preliminary injunction in which he alleges that the defendants denied him due process and violated administrative regulations when they failed to provide him a Notification of Rejected Mail within 72 hours of receipt of photographs "that came in [the mail] on April 5, 2016 . . . and . . . April 14, 2016. . . . [The defendants] are going to or have threaten to destroy [these photographs] less than (30) thirty days [from] now." *Doc. No. 30* at 1-2. The plaintiff seeks issuance of a preliminary injunction prohibiting the destruction of the confiscated photographs. *Id.*

1

The court directed the defendants to show cause why the present motion for preliminary injunction should not be granted. *Order of May 18, 2016 - Doc. No. 31*. The defendants filed a special report to the complaint on May 23, 2016 (Doc. No. 35) and a response to this order on May 25, 2016 (Doc. No. 36), each supported by evidentiary materials relevant to the rejection of sexually explicit photographs, in which they assert that Slater's request for preliminary injunctive relief is due to be denied.

Upon review of the motion for preliminary injunction and the responses thereto filed by the defendants, the court concludes that the motion for preliminary injunction filed on May 18, 2016 (Doc. No. 30) is due to be denied.

## II.  STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Slater demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunctive relief may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (1998); *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All*

*Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements.  *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").  "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.'  *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir.1990)." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

### III. DISCUSSION

In the defendants' special report and response to the motion for preliminary injunction, they assert that withholding of the photographs at issue has not deprived Slater of any constitutionally protected right and further maintain that such action comported with applicable administrative regulations.  Specifically, the evidentiary materials establish that there is no set time period within which the initial notification of mail rejection must be provided to an inmate, *Exh. A to the Defendants' Special Report (Administrative Regulation No. 448) - Doc. No. 35-1* at 8; rather, the 72-hour period relevant to mail and

3

mail rejection addresses the time within in which mail deemed appropriate by correctional officials should be delivered to an inmate and the time permitted an inmate to appeal the notification of rejection of mail. *Id.*; *Exh. N to the Defendants' Response - Doc. No. 36-2* at 1-2. In addition, the defendants contend that "the prohibition against sexually explicit and obscene photographs does not violate the Plaintiff's constitutional rights." *Defendants' Special Report - Doc. No. 36* at 2. The defendants further assert that correctional officials provided Slater a Notification of Rejected Mail in accordance with the applicable administration, Slater appealed this decision and his appeal was denied because "the photos are of totally naked women. Unauthorized." *Exh. N to the Defendants' Response - Doc. No. 36-2* at 1-2. Finally, the defendants maintain "the photos in question have been delivered to the Legal Division, where they will [be] maintained in a secure location, so as to prevent even accidental destruction[.]" *Defendants' Special Report - Doc. No. 36* at 3.

In addressing the motion for preliminary injunction, Ms. Blakely provides the following information:

> . . . . I am presently employed by the Alabama Department of Corrections as a Mail Clerk at Easterling Correctional Facility. In performing my duties as the Mail Clerk, I open incoming mail and inspect it for contraband. In doing so, if I notice that the contents of the mail may be against ADOC Regulations, for instance if it contains explicit material or the package is too large, I send the mail to a supervisor to make a determination as to whether or not an inmate may possess those materials. I do not make that determination myself.
> In this case, on or about April 5, 2016, I received materials [i.e., photographs,] addressed to inmate Demon Slater (#177985) from York Photo Labs.com and on or about April 14, 2016 from Curbfellers. The contents of the envelope included several photographs that appeared to involve nudity and which could be against ADOC policy. I then forwarded the photos to Captain Nathaniel

> Lawson for him to make a determination [regarding whether the photographs should be delivered to Slater]. Captain Lawson informed me that that the photos would not be allowed and to issue a Mail Rejection Notice to inmate Slater in accordance with Administrative Regulation [No. 448]. I did so, and issued the notice on May 10, 2006.
> 
> Inmate Slater chose to write a written appeal, and submitted that form to me. In accordance with ADOC policy, I submitted the form to Warden Richie, who is the person at Easterling Correctional Facility designated to make a final determination. Warden Richie denied his appeal on May 18, 2016. In the meantime, the photos were not destroyed and were maintained until it was requested by Legal to send them to the Central Office, which I did. That is the total of my involvement with the photos. To my knowledge, there have been no actions taken against inmate Slater as a result of his receiving the photographs.

*Exh. M to the Defendants' Response - Doc. No. 36-1* at 1-2.

Turning to the prerequisites for issuance of preliminary injunctive relief, the court finds that Slater has failed to demonstrate either a substantial likelihood of success on the merits of his claims or that there is a substantial threat that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction. The third factor, balancing potential harm to the parties, weighs more heavily in favor of the defendants as issuance of the injunction would have an unduly adverse impact on the ability of correctional officials to exercise their professional judgment in maintaining security by determining what types of photographs and materials should be allowed within a correctional facility. Finally, the public interest element of the equation is, at best, a neutral factor.

In light of the foregoing, the undersigned concludes that Slater has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of preliminary injunctive relief.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motion for preliminary injunction filed by the plaintiff (Doc. No. 30) be DENIED.

2.  This case be referred back to the undersigned for additional proceedings.

It is further

ORDERED that on or before **June 21, 2016** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH C$_{IR}$. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 7th day of June, 2016.

                                      /s/Terry F. Moorer
                                      TERRY F. MOORER
                                      UNITED STATES MAGISTRATE JUDGE