IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| DEMON VICTORELL SLATER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CIVIL ACTION NO. 2:16-CV-215-WHA |
|  | ) |  |
| LT. WOODS, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTON**

This 42 U.S.C. § 1983 action is pending before the court on a complaint and amendment thereto filed by Demon Victorell Slater ("Slater"), a former state inmate. In the instant complaint, Slater challenges the constitutionality of actions taken against him at the Easterling Correctional Facility from July of 2015 until March of 2016.[1] Specifically, Slater complains that the defendants denied him access to nude photographs and various publications they deemed obscene. Slater seeks only injunctive relief, i.e., return of the confiscated photographs and the ability to possess unlimited nude photographs and publications containing nude pictorials.[2]

After his release from incarceration and because Slater did not have a means of transportation to retrieve the confiscated photographs, counsel for the defendants made

---

[1] Slater filed a Notice of Change of Address on March 2, 2017 in which he advised that he obtained his release from the state prison system on January 9, 2017 (Doc. No. 62).

[2] During the majority of the pendency of this case, the confiscated photographs were maintained in the possession of the Legal Division for the Alabama Department of Corrections.

arrangements for Slater or his appointed representative to retrieve the confiscated photographs from the Elba Work Release Center, the correctional facility closest to their place of residence. As of May 1, 2017, neither Slater nor his representative had retrieved the photographs. *See* Doc. No. 69. Insofar as Slater seeks access to unlimited nude photographs and sexually explicit publications, it is clear that he may now possess such materials without limitation.

In light of the foregoing, the court entered an order requiring that on or before May 12, 2017 Slater "show cause why this case should not be dismissed as moot since the defendants have made arrangements for the plaintiff or a family member to gain possession of the photos confiscated from him that had been maintained at the Legal Division of the Alabama, his general request for injunctive relief relative to allowing inmates' unlimited access to materials depicting nudity is no longer a live controversy due to his release from incarceration, and he does not now have any legally cognizable interest in the disposition of this case. *Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990); *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987)." *Doc. No. 70*. Slater has filed no response to this order. The court therefore concludes that this case should be dismissed as moot.

## II. DISCUSSION

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971). An actual controversy must exist at all times during the pendency of a case. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). In cases where the only relief

requested is injunctive in nature, it is possible for events subsequent to the filing of the complaint to render the matter moot. *National Black Police Assoc. v. District of Columbia,* 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz* 554 F.2d 22, 23 (2nd Cir. 1977) (change in policy).

Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." The mootness doctrine derives directly from the case or controversy limitation because "an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval County Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). "Put another way, 'a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" *Florida Ass'n of Rehab. Facilities, Inc. v. Florida Dep't of Health and Rehab. Servs.,* 225 F.3d 1208, 1216-17 (11th Cir. 2000) (quoting *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993)); *Flast v. Cohen*, 392 U.S. 83, 95 (1968) ("Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented."); *Saladin*, 812 F.2d at 693 ("A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation."); *Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("[A]

case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.").

Upon an inmate's release from incarceration, there is neither a "reasonable expectation" nor a "demonstrated probability" that the inmate will return to prison and the concomitant conditions for which he sought injunctive relief thereby rendering any request for injunctive relief moot. *See Darring v. Kincheloe*, 783 F.2d 874, 876-77 (9th Cir. 1986). When actions occur subsequent to the filing of a lawsuit and deprive the court of the ability to give the plaintiff meaningful relief, then the case is moot and must be dismissed. *See, e.g., Hall v. Beals*, 396 U.S. 45, 48 (1969) (per curiam). In such instances, dismissal is required because mootness is jurisdictional. *See Florida Ass'n of Rehab. Facilities,* 225 F.3d at 1227 n.14 ("The question of mootness is . . . one which a federal court must resolve before it assumes jurisdiction [over the merits of a complaint]."). "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Id*. at 1217 (citing *Hall*, 396 U.S. at 48, 90 S.Ct. at 201-02.

Slater is no longer incarcerated in the state prison system. The court finds that there is no reasonable expectation or demonstrated probability that Slater will return to incarceration. Under the circumstances of this case, the request for injunctive relief, the only relief sought by Slater, is moot. *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *Murphy v. Hunt*, 455 U.S. 478, 481-82 (1982); *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (holding that past exposure to potential illegal conduct does not in

and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice as moot.

It is further ORDERED that on or before June 5, 2017 the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 18th day of May, 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE